Good morning, Your Honors. May it please the Court, Karen Seldin on behalf of the defendants. I'd like to reserve five minutes for rebuttal. Sure. Under CAFA, when a controversy results in the filing of multiple class actions, that is a strong signal, according to Congress, that those actions are not truly local. Could you also talk a little louder for us? Here, defendants urge the Court to rule that the Crowder and Bridewell cases, which were both filed on the same day, belong in federal court. Not only because that result fulfills the Congressional intent, but also because that's the result compelled by the statutory text. As I'll explain, under the default rule for interpreting statutory time periods, both Bridewell and Crowder were filed within CAFA's three-year look-back period. What significance is there to the fact that before there was a notice of removal filed, before that, the California judge consolidated these two cases into one? Yes, Your Honor. The consolidation is irrelevant to the Court's removal analysis for three reasons, the statute, the legislative history, and the case law. If you look at CAFA, the three-year look-back period, it says that if during the three-year period preceding the filing of that class action, no other class action has been filed. The specific direction in that requirement is you look at the time of filing. In addition, CAFA defines class action as a civil action that is, quote, filed under Rule 23 or the state law equivalent. Under CAFA, the direction is explicit. You look at the time of filing. In this case, you would be looking at October 20, 2011. On that date, Bridewell and Crowder were two separate actions filed separately, and you would look back three years from there. Also, under the legislative history, well, actually, let me just go back and say, if the consolidation or the case at the time of removal were relevant, Congress would have said so explicitly in the statute, just as it has done in another provision of CAFA where Congress said explicitly, when you look at the citizenship of class members, you look at the time the case becomes removable. It didn't use those words in the look-back period. It specifically used the word filed. Well, how can we be sure that that is what Congress meant? You're implying that it did, but consolidating cases reduces inefficiencies, reduces costs, et cetera. So why shouldn't we have sort of a non-pro-tunc once they're put together? Then you would take that later date. For two reasons. One, we do know what Congress meant, because if you look at the Senate report that is the legislative history, what Congress says is the test for whether a controversy is local or not local is the multiple filing of class actions. Congress says in the Senate report that those multiple filings are a strong signal that the case is not local. So at the same time that it says that, Congress could not have meant that what happens two years later when the state court consolidates those cases could somehow wipe out all those earlier filings. Counsel, when Congress made that statement, I think what it was referring to was multiple class actions in different jurisdictions. I don't think you can really, or you make the case, but I don't see how these particular class action lawsuits have any claims at all of nationwide importance. The claims all boil down to Blue Cross Anthem in California's actions vis-a-vis its California employees. So there are about 9,000 class members in the cases. And they're all in California? The class members are in California. The employing entity that employed the majority of the class members, WellPoint, is an Indiana corporation. So the majority of class members are actually employed by an Indiana corporation. But they work in California? Yes, they do work in California. And the claims are California law claims? They are California law claims. But again, if you go back to the statutory text, Congress didn't qualify it as no other class action has been filed in another state within the last three years. The language of the statute is simply no other class action has been filed. Right, but you keep making this comment that, oh, when there's multiple class actions, that's a signal. Well, we don't need a signal in this case because we actually have the class actions, and we can look. Right, and one of the essential requirements is that that three-year look-back period has to be satisfied. So we're not disputing that the first three requirements have been met. We certainly can see that. But that fourth requirement is an independent one that Congress has drafted. And was Congress specific about minutes versus days? They were not, but there's a reason for that. As we explained in our briefing, the default rule for interpreting time periods does not go in increments of minutes. So under the Federal Rules of Civil Procedure, Rule 6, and under the appellate rules as well, when you're interpreting statutes of limitations or when motions are to be filed, you're not looking at the precise minute or second that an action occurs. So, for example, if someone were to be injured at 1 p.m. today, August 3rd, they would not be time-barred if they're filed at 3 p.m. two years from now. Well, so maybe I haven't served 17 years on the bench because I was sworn in, I think, in the afternoon. Well, that's precisely why we don't calculate time periods in that way. In the in-foods case that we cite in our brief, the Federal Circuit grappled with this issue, and they said there is a problem with this stopwatch approach that the district court adopted where you're looking at the precise minute that the case is filed because that's not practical. In a lot of cases, it's difficult to ascertain. And so what the Federal Circuit said is you use an anniversary date approach. You look at what happened on that day, an entire day, and you go back or forward to the previous or forward-looking entire day. In this case, that would mean something is filed in October 20, 2011. You look at that entire day, and then you look back three years to October 20, 2008, and both of the cases, Bridewell and Crowder, would be filed within that same look-back period. Oh, I would think you would look at the three years preceding that date, and neither one of them had been filed. Well, that—I'm sorry, so you would say you would remand both? Yeah. Yeah. Oh, okay. Well, so if you were to adopt that approach, you would essentially be having to look at both cases in a vacuum. So you would, when deciding whether to remand Crowder, you'd be ignoring Bridewell, and when deciding whether to remand Bridewell, you'd be ignoring Crowder. And that's just— Well, certainly the worst option is having one case with the same claims proceeding in state court and another case with the same claims proceeding in federal court. That's the worst of all possible worlds. Don't you agree? I agree, and I think that the approach that makes the most sense is when both cases remain in federal court, not only because of the statutory text, but if you look at the broader purposes of CAFA, in dark Cherokee, the Supreme Court said explicitly that you read CAFA broadly with a strong preference towards federal court jurisdiction, and this court has recognized that the local controversy exception has to be read narrowly in Coleman and Benko. And so if you have that approach to jurisdiction, and you've got these two approaches here, the stopwatch approach and the anniversary date approach, or I suppose plaintiff's approach to remand both, the one that best fulfills dark Cherokee's direction is the approach that keeps both cases in federal court. But then what happens to the local controversy exception? Where do all the plaintiffs live? The plaintiffs are in California. Yes. Where did all the actions take place? In California. So again, you're talking about the first three requirements. Yes. Yes. So wouldn't you, aren't you arguing just basically you would have blu-rayed the local controversy exception? Here, when some one person, one party was added from out of state, everything else took place in California. Well, I think if you look at, there's no dispute by either side that Bridewell and Crowder independently satisfy CAFA's jurisdictional thresholds. We've got an out of state defendant, 5 million in controversy, 9,000 class members. And so there's no dispute that this is a large enough case that would otherwise be within the federal court's jurisdiction. And this is not an isolated case. As we point out in our brief, Bridewell and Crowder are the second and third cases that have been filed out of this controversy. There was a strong case, the appeal in which was filed just seven months before by plaintiff's counsel, also alleging race discrimination, also including the out of state defendant in that case. So this is not some isolated local event. These cases have generated a lot of litigation over many years. What's the relationship between Blue Cross and Wellpoint? Blue Cross is a subsidiary of the Wellpoint, Indiana defendant. There's a complex arrangement. So are they essentially the same defendant? No, they are two separate corporations, two separate. Right, but is Blue Cross a wholly owned? Not of that, I'm sorry, not of that Wellpoint. There is Wellpoint, Inc., which is at the top of the chain. There is the Wellpoint Companies, which is a defendant in this case. And then there is Blue Cross of California. They are side-by-side entities. One does not own the other. The parent entity is Wellpoint, Inc., which is not a named defendant in this case. So going back to the interpretation of the three-year look-back, I understand the court's focus on why the multiple filings shouldn't make a difference. If they didn't, it would create a big jurisdictional loophole because you could imagine a situation, for example, where a plaintiff could file, or a class counsel could file, 50 class actions throughout the state against a national defendant, but be careful to make each one state-specific, only California or only Nevada class members, and have a local non-diverse defendant in each in which they could allege in such a way that those first three requirements are met. And then because they're all filed on the same day, you could say, well, then they're all outside of CAFA because they were all filed on the same day. That would be a huge jurisdictional loophole. And Congress says specifically in the Senate report that the local controversy exception is not supposed to be a jurisdictional loophole. It's there, and the multiple class action requirement is there to make sure that those kinds of cases that generate a lot of litigation are not excluded from federal court. All right. I'm sorry to go back to this corporate relationship for a second, but your corporate disclosure statement indicates that all of the defendants are wholly owned subsidiaries of Anthem. Oh, that is...  So that the Wellpoint, Inc. is now formally known as... What does that say? I'm sorry? Formally known as? Yes, formally known as Wellpoint, Inc. So Anthem and Wellpoint are the same company? Anthem, Inc. is the same as Wellpoint, Inc., which is the overarching parent, and the defendants are both wholly owned subsidiaries of Wellpoint, Inc. I think they're all owned by Google probably at some point, aren't they? And the other point I wanted to make about, in terms of interpreting these time periods between these various approaches that the court has been presented with, the anniversary date approach, not only is it the one that is the most practical in terms of how people keep track of deadlines in the real world, in the Legra case, this court said that that is a default rule for interpreting statutes, and a statute has to say specifically if it is going to adopt a different rule than what's in Rule 6, which has a complete day, you look at everything in increments of entire days when you're calculating time periods. And here, as the Infuse case said, courts don't have stopwatches in hand when deadlines draw near. There is no indication that Congress intended courts to have stopwatches in hand when interpreting the three-year look-back period when cases are filed on the same day. If anything, what Congress intended in the report is those kinds of cases are precisely the type that belong in federal court. I'd like to reserve the rest of my time for rebuttal unless the court has other questions. You bet. Judge Nelson, anything else? No. Thank you, Ms. Selden. Thank you. Good morning, Justices, and may it please the Court. My name is Andy Giardini, and I represent the plaintiffs in each case, and I rise today to advocate that the Crowder case be reunited with the consolidated case, Bridewell-Sledge, in state court, where it was consolidated before removal. That is a very rare circumstance, and there's no parade of horribles that comes out of that. No one can manipulate that. In the ordinary case, cases are to be removed within 30 days. Even if a motion to consolidate were pending, if the case was removable, it could be removed before consolidation. No one can predict a huge number of problems. This is highly unusual. I was into the case more than 2 years against defendants that plainly employed my clients, Blue Cross of California and Anthem, a California company, when I was told that the WellPoint companies were also an employer in some fashion. In the interest of completeness, I was persuaded to add them, which was a ruse in order to support removal, which has created a procedural quagmire of unprecedented proportion. So what if you had dismissed WellPoint? If I had never named them, they could not have removed. There was no foreign defendant. Why did you name WellPoint? It seems to me they're all the same company, at least based on their corporate disclosure. Right, and we know that the first three elements of the local controversy exception apply. They're all California plaintiffs. There are California defendants that employed them, Blue Cross of California and Anthem, and all the injuries happened there. So when only by adding WellPoint was it removable in any way, because they claimed it was an Indiana corporation and it's put us in this place. And the problem with that is the case was consolidated seven months before removal. And in California, under California law, the Hamilton case, which this panel was kind enough to cite and ask us to review and to discuss, it's one case. It's treated as one case. It has one number. There's going to be one verdict. There's going to be one judgment. And it has one filing date. For purposes of the five-year rule, for instance, of a case going to trial within five years, one date would apply. Trial Delay Reduction Act, one date would apply. It no longer is important in California that there's two filing dates. Now, these are the same day, but say they were six months apart, it wouldn't make a difference. The state is treating this as one case. And what has happened is Bridewell-Sledge, by a very strict discussion of the local controversy exception, was properly remanded. All the three criteria that I mentioned were there, and also there was no class action, not strong, not any other class action, in the preceding three years. Therefore, Bridewell-Sledge, Judge Morrow, properly remanded. The problem was Crowder was not remanded when it has the same filing date under California law. And there isn't any previous class action because there's only one class action. There is no other class action which the statute requires. This isn't the case where there's multiple cases filed in different jurisdictions. And Congress did talk about that and actually specifically mentioned the necessity to coordinate under the panel for multi-district litigation where, and usually two cases don't get coordinated by the panel, it's usually more than that, and they're from different places, and they're all placed with one district judge. This is a case that was already in front of one district judge. It didn't need any more coordination from any panel. It just needs to be in the one place where it was properly filed, and the Class Action Fairness Act has an exception that squarely applies. I want to say this, though, somewhat earlier in my argument, there's a remarkable argument on the other side that I think is fatal to their proposition. They say that you don't use a stopwatch, you count the day. So these cases were filed on the same day. It doesn't matter what time in the day. They both have the same filing date. If that's correct, what they're arguing is that each one, according to the statute, precedes the other one. In some kind of warped time-space continuum, they each precede the other, which is impossible. Neither precedes the other if they're filed the same day and the time of filing doesn't matter. And if the last section of the exception doesn't have a limitation for a previous action, then it gets remanded, required to be remanded. In fact, this is what they said at page 51 of their opening brief. When class actions are filed on the same day, the no other class action provision is inapplicable. Yes, if it's inapplicable, then it must be remanded. All the conditions for remand exist. They're filed the same day. I don't think you need to get to the stopwatch versus anniversary date argument because these are consolidated before removal. A somewhat rare, perhaps unique circumstance. So there's no other case that we saw where that occurred. There was one case where it was consolidated after removal, which is different. And I did raise, maybe not as persuasively as I could have, but that was Judge Morrow that the case was consolidated before removal. She consolidated it too, didn't she? Yes, she did. Yes, she absolutely did. I mean, it's a bit of a redundancy since it should have been just one case. Now, they filed two notices of removal even though it was one case, so there were procedural irregularities from the get-go. And it was plainly related. It's the same set of circumstances. I'm pilloried for filing two actions. I could have filed one, and in retrospect, I would have. However, I filed them to keep the two kinds of claims clear because people that are African American could be a woman as well. They could have a pay issue. They could have a promotion issue. So there's four variables. I put it in two cases. You could have done it in subclasses. Yes, yes, Your Honor. We may have learned a bit of a lesson there. I'm almost four years into this case, and we're deciding where it's going to be. I mean, we're here now. Okay, that raises an interesting question. I've been working on this now for a couple of weeks and get lost in the civil procedure weeds. Yes, indeed. California law is going to apply in either forum, right? That is correct. Why is it advantageous to be in state court versus federal court? Well, it's the forum we chose. And, for instance, in the Central District, class certification motions must be made within 90 days of filing, which is not the case. There's a much more liberal calendar in our Central Civil West courthouse for that. That's one. Two, the jury panels are slightly different. There's a host of reasons in jurisdictional choices that you think about for your clients. Where's the best shot for them to get justice? And if we chose that legitimately as our forum, and we're in Los Angeles Superior Court, we ought not to be uprooted. Or, as it is now, half uprooted, where we're now sitting in two different places. I mean, it's the worst possible solution. I think both sides agree that the cases should be in one place. The unfortunate fact for their side is there's no basis for Bridewell Sledge to be in federal court, none whatsoever. It meets the four criteria. And it doesn't matter what the presumption is or isn't. If the presumption was clear and convincing evidence, evidence beyond a reasonable doubt, legal certainty, those four criteria plainly exist. In fact, they're admitted. Only the fourth one is in dispute. And as to the fourth one, one was filed before the other. And that first case doesn't have a problem. And the exception should apply. And it should be in state court. So Bridewell Sledge will be in state court. It's required to be by statute. The question is what to do with the other half of the same case, the Crowder case. And my thought is there's plenty of reason, under the Hamilton authority, to consider the case, one case before it was removed, with one filing date, no preceding or other class action pending at that time. Therefore, all the criteria apply. And it, too, should rejoin the other case in state court. I don't really have other points to make, but I don't know if I should reserve time in rebuttal, rebuttal. I think you've got it. Thank you very much. Thank you, Your Honor. Ms. Zeldin, you've got a few minutes left. Do you agree with Mr. Giardini that you ought to be in one place or the other and not this hybrid that we've got? I don't agree, Your Honor, because at a minimum, if you're going to look at the words of the statute and if you're going to say that the approach of considering them both filed means that they both go back, no, because they're still the word. If you're going to follow Mr. Giardini's logic, then Bridewell was filed in a time period preceding Crowder. You can't get around the words of the statute if you're going to say that you've got to look at them as if being on the same date doesn't count. How does it help your client to proceed simultaneously in both forms? Well, Your Honor, that's the way it's been for a little while now, and how we've dealt with that in terms of efficiency is the state court case has been stayed. The litigation has been going on in the federal court at the moment, and the state court case has been stayed. There's two different sorts of claims, and one resolution of one claim is one case is not going to fully resolve the other case. There is a significant amount of overlap in terms of the discovery and the kinds of issues in terms of the policies and procedures at play because both of them involve race discrimination, both of them involve gender. The difference is pay versus promotion, so there is a fair amount of overlap, and so for efficiency's sake, the state court case has been stayed. Why should the state court plaintiffs have to wait? Why aren't they entitled to get their day in court? Ultimately, they will, but... But ultimately, why not now? As long as the other one's going on, why should it be stayed? If it can be consolidated, that's the whole point. I think that was in order to get the efficiencies that one would get. I mean, Judge Morrow made what we thought was the wrong decision. I suggest that a more efficient way is consolidate and letting them both go together. And if I can just address the consolidation issue, I think we're getting away from what the purpose and the effect of consolidation is even under California law. What Mr. Giardini said was, well, they're all one case, and that might be true as of the date of consolidation, but there is no case law that says that a state court consolidation destroys what happened before or that it can retroactively wipe out filing dates. He talked about the 5-year rule. It's actually not true that when cases are consolidated, they both proceed under a single 5-year rule. That is the later or the earlier filed case. The GM case, which I don't believe we have in our papers, but it's a California Supreme Court case that says that when there's two cases that are consolidated, you still look to each independent filing date for purposes of the 5-year rule. So there's no case that says... As of the date of consolidation and as of the filing date, WellPoint wasn't even in the case, right? That's correct. That's correct. And I don't think that that's dispositive because, again, the test is what did the cases look like at the point that they were filed. So, for example, the cases that were in the court's order, the Abend case and the N. Ray Methow case, while they talked about the effect of consolidation, in that case, the state court consolidation created a basis for removal. It did not destroy jurisdiction. So that's a critical distinction. The other distinction is, in those cases, you're looking at federal question jurisdiction, which the analysis has to happen at the time of removal. In contrast, here we have a statute that says explicitly you look at the time that the class action was filed. So I'd urge the court to look at the cases in our Brisa-Marple case and the Expedia case. They're CAFED district court cases where, in one, 10 state court class actions were filed. The district court consolidated them and then rejected the argument that now that they're one case, you get to aggregate the amounts of controversy. The court said specifically that, looking at the definition of class action and that it's filed under state law, that by a plain reading of the CAFED text, plaintiffs have filed 10 separate class actions. And the subsequent consolidation did not alter the fact that those actions were filed as 10 class actions. Similarly, the Expedia case, the district court rejected that a state court consolidation somehow commenced a new class action for CAFED purposes. They were clear that you have to look at when the cases were filed. So all of this talk about the consolidation and the effect that it had, and now it's a single case, we're talking about a time period that's irrelevant for the purposes of what we're doing here, which is looking at the 3-year look-back. And one last point on that, where Mr. Giardini said that, you know, by virtue of their adding the Wellpoint companies, it was somehow a ruse and they were tricked into this. The Wellpoint companies, if they're employing 60% of the class members, it's not a ruse. Their recovery is then going to be based 60% on Wellpoint's deep pockets. There is a reason why they added them, and they were named as a defendant in the Strong case as well before they chose to dismiss them. And so all of that is to say that the consolidation is irrelevant and you really need to go back to the October 20 date. But that case was not cited in your briefs that you just cited. Oh, I'm sorry, Your Honor, yes. You should submit a gum sheet to the court and to your opposing counsel listing that case and how it can be found. I'm sorry, Your Honor. You should submit... I'll submit a letter, yes, Your Honor. ...to the clerk. The clerk has a form that you can borrow. No, those are no longer exist. You just give her a piece of paper with it. We'll do it. And give a piece to counsel. Yes, Your Honor. And then I heard Mr. Giorgini say that, well, if you're going to look at them as both filed on the same day, you have to conclude that they both fall out of CAFA. Now, as I said before, that means you'd essentially be rendering the three-year requirement a nullity. You'd be saying, no matter how many cases are filed on the same day, no matter how many class members are involved, no matter how many interstate national defendants are involved, because it was filed on the same day, we're outside of CAFA. And that is just a huge loophole that you cannot read that into a statute. It's not there. It's not in the legislative history. And also, just in terms of how time periods are counted in Rule 6, yes, you look back from the day that the event happens and you count from the previous day, but that doesn't mean that what happens on that first day is irrelevant. The purpose of that counting convention is to trigger the counting period. It doesn't mean that what happened on the first day is a nullity. The whole purpose of this is to create a consistent rule where you say you count the first day and you look back and you count the rest of the final day. So it doesn't really matter. I see that I am out of time, so unless you have any other questions... I guess not, Ms. Selden. Thank you. Thank you very much. Thank you for an excellent argument on both sides. Thank you.
judges: Nelson, Silverman, Wardlaw